# EXHIBIT "A"

## (Golman Declaration)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>PLASSEIN INTERNATIONAL CORP., *et al.*<sup>1</sup>,<br><br>Debtors. | Chapter 11<br><br>Case No. 03-____ (____)<br><br>(Jointly Administered) |

## DECLARATION OF JEFFREY GOLMAN IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF MESIROW FINANCIAL, INC. AS INVESTMENT BANKER FOR THE DEBTORS

I, Jeffrey Golman, declare and state as follows:

1.  I am Vice Chairman of the Mesirow Financial, Inc. ("Mesirow"), located at 321 North Clark Street, Chicago, Illinois 60610. I am duly authorized to make this Declaration on behalf of Mesirow.

2.  I submit this Declaration in connection with the application (the "Application") filed by Plassein International Corp., *et al.*, debtors and debtors-in-possession (the "Debtors") to retain and employ Mesirow as investment banker to the Debtors, and to provide the disclosures required under Section 327(a) of the Bankruptcy Code, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[1] Additional Debtors include all of Plassein International Corp.'s wholly-owned, domestic subsidiaries: Plassein International of Martin, Inc., Plassein International of Ontario, LLC, Plassein International of Salem, Inc., Plassein International of Spartanburg, Inc., Plassein International of Thomasville, Inc. and Teno Films, Incorporated.
KRLSWIL:45974.1

Rules"). The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify competently thereto.

3. Except as otherwise stated herein, to the best of my knowledge and information, neither I, Mesirow, nor any of its partners or employees has any connection with the Debtors, their respective creditors, any other party in interest herein, their current respective attorneys or professionals, the United States Trustee for this district or any person employed in the Office of the United States Trustee for this district. To the best of my knowledge, neither I, Mesirow, or any of its partners or employees is a creditor of the Debtors or holds or represents any interest adverse to the Debtor's estates, creditors, or equity security holders. Specifically, Mesirow:

    a. is not a creditor, an equity security holder, or an insider of any Debtor;

    b. is not and was not an investment banker for any outstanding security of any Debtor;

    c. has not been, within three years before the date of the filing of the petition, an investment banker for a security of any Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of any Debtor;

    d. is not and was not, within two years before the date of the filing of the petition, a director, officer of employee of any Debtor of an investment banker specified in subparagraph (b) or (c) of this paragraph; and

    e. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any Debtor or an investment banker specified in subparagraph (b) or (c) of this paragraph, or for any other reason.

Thus, Mesirow is a "disinterested person" in accordance with Bankruptcy Code Sections 101(14) and 327, as modified by Bankruptcy Code Section 1107(b).

4. In making the determinations set forth in the preceding paragraph, Mesirow performed a review of connections and relationships between Mesirow and significant creditors and stockholders of the Debtors as well as with other parties in interest with respect to these Chapter 11 cases.

5. In particular, Mesirow has the following disclosures it wishes to make in this regard with respect to creditors of the Debtors and parties-in-interest in these cases:

    a. An affiliate of Mesirow leases equipment for its Florida office from General Electric Capital Corporation;

    b. Prior to 2003, a Mesirow affiliate partnered with Heller Financial, Inc., on certain sale-leaseback transactions;

    c. An affiliate of Mesirow has paid municipal underwriting fees to Wachovia Bank in Winston Salem, North Carolina. Additionally, the broker-dealer affiliate of Mesirow provides fixed income products to Wachovia Bank through its fixed income division;

    d. Mesirow leases office equipment through Fleet office leasing;

    e. Mesirow holds certain life insurance policies through Massachusetts Mutual Life Insurance Company. Additionally, the broker-dealer affiliate of Mesirow provides fixed income products to Massachusetts Mutual Life Insurance Company through its fixed income division;

    f. An affiliate of Mesirow holds an investment in US Filter Water Partners, LLC, which provides water filtration equipment and services to Dow Chemical; and

    g. Mesirow has retained in the past and currently retains Goldberg, Kohn, Black, Rosenbloom & Mortiz, Ltd. ("Goldberg Kohn"), of Chicago, Illinois, to provide corporate and transactional services. On information and belief, Goldberg Kohn serves as legal counsel to General Electric Capital Corporation, a member of the Bank Group. Goldberg Kohn does not represent Mesirow in connection with the Debtors' Chapter 11 cases nor are they currently representing Mesirow in connection with any transactions involving Mesirow's investment banking operations.

6. In addition, because Mesirow is actively involved in representing buyers and sellers in the packaging industry, Mesirow has represented in other transactions certain companies that Mesirow contacted as potential purchasers of the Debtors assets. Specifically, Mesirow has determined that they have active engagements, or are participating in discussions that may lead to engagements, with the following prospective purchasers of certain of the Debtors assets on matters unrelated to the Debtors or these Chapter 11 cases:

    a. Exopack, LLC;
    b. Appleton Papers, Inc.;
    c. Wind Point Partners; and
    d. Polyair Interpack, Inc.

Additionally, Mesirow, because of its leading role in the plastics industry, has frequent strategic dialogues with many of the other prospective purchasers identified during the marketing and sale effort.

7. Despite the efforts described above to identify and to disclose Mesirow's connections with parties-in-interest in these cases, because the Debtors have thousands of creditors, and many other relationships, Mesirow is unable to state with certainty that every client representation or other connection has been disclosed. To the extent that Mesirow becomes aware of any relationship or other information that requires disclosure, Mesirow will promptly file a supplemental disclosure with the Court.

8. The professional services that Mesirow expects to render to the Debtors include but shall not be limited to, the following:

    a. to assist the Debtors in securing stalking horse bids, subject to higher and better offers as may be obtained through a continued marketing effort;

b.  to assist the Debtors in the implementation and continuous development of a marketing plan;

c.  to identify, contact and screen interested prospective purchasers;

d.  to coordinate the data room with potential purchasers' due diligence investigations;

e.  to assist the Debtors in evaluating proposals which are received from potential purchasers;

f.  to assist the Debtors in structuring and negotiating the Sale (as defined in the Retention Agreement and below);

g.  if necessary, assisting the Debtors in procuring Debtor-in-Possession financing or similar financing;

h.  to be available to support the efforts of Debtors' counsel, including bankruptcy court testimony; and

i.  to be available to meet with the Debtors' Board of Directors, bank lenders and other constituencies to discuss the foregoing matters.

9. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court, Mesirow intends to apply for compensation for professional services rendered in connection with these Chapter 11 cases in accordance with the terms of the Retention Agreement.

10. Pursuant to the Retention Agreement, in consideration for the services provided to the Debtors, Mesirow intends to charge the following amounts, pursuant to Section 328 of the Bankruptcy Code:

a.  A fee (the "Success Fee") upon consummation of a sale, transfer, or other disposition, directly or indirectly (whether in one or a series of transactions), of 20% or more of the business, assets, or equity securities of the Debtors, taken as a whole, whether by way of merger, recapitalization, restructuring, consolidation, reorganization, negotiated purchase, leveraged buyout, minority investment or partnership, or any other form of disposition which results in the effective sale of the principal business and operations of the Debtors by

the current owners or other extraordinary corporate transaction involving the Debtors (a "Sale"). The Success Fee shall equal 1.5% of the aggregate consideration (as defined in the Retention Agreement) received by the Debtors and its security holders in connection with each such Sale; provided, however, there will be a minimum Success Fee of $100,000 per each Sale completed by Mesirow. Mesirow will not be entitled to any fee in connection with the ultimate liquidation of any of the businesses or divisions of the Debtors.

    b. In the event that the Debtors request Mesirow's assistance in arranging Debtor-in-Possession or similar financing other than from the Debtors' current senior secured lenders (the "Financing"), then Mesirow shall be paid a fee which will equal the greater of $100,000 or 3% of the Financing received by the Debtors (the "Financing Fee"), payable in cash upon the consummation of the Financing and at the closing thereof.

11. The parties have established the compensation provided for in the Retention Agreement with the express understanding that the hours worked, results achieved and ultimate benefit of work performed to the Debtors' estates may be variable and have taken this into account in setting the contingent compensation payable thereunder. Given the nature of Mesirow's compensation arrangements, *i.e.*, not on an hourly basis, Mesirow shall not be required to keep time records in one-sixth of an hour increments but will keep daily summaries of the services provided to the Debtors hereunder. In addition, Mesirow's fees and expenses will remain subject to final Court approval in accordance with the standard set forth in Section 328(a) of the Bankruptcy Code, such that compensation different from the terms and conditions of the Retention Agreement may be allowed if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time that this Application is approved.

12. Except as otherwise stated herein, there is no proposed arrangement to compensate Mesirow. Mesirow has not shared, nor agreed to share (a) any compensation it has

received or may receive with any other party or person, other than with partners and employees of Mesirow (b) any compensation another person or party has received or may receive.

13. By reason of the foregoing, I believe Mesirow is eligible for retention and employment by the debtors pursuant to Sections 327(a) and 328 of the Bankruptcy Code and the applicable Bankruptcy Rules.

14. Prior to the Petition Date, as partial compensation for its services under the Retention Agreement, Mesirow received a non-refundable retainer from the Debtors in the amount of $50,000 on April 3, 2003 (the "Retainer") and received $40,156.91 on May 8, 2003 as a reimbursement of cumulative out-of-pocket expenses. The Retainer will be fully creditable against the Success Fee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14 day of May, 2003, at Chicago, Illinois,

                                               Jeffrey Golman
                                               Vice Chairman
                                               Mesirow Financial, Inc.